## HAKES *v.* BURNS *et al.*

### (*Circuit Court, D. Colorado.* October 1, 1889.)

**1. REMOVAL OF CAUSES—CITIZENSHIP.**
  A sheriff levied on a stock of goods sold by a failing debtor to one H., who afterwards replevied the goods from the sheriff in the state court. In the replevin suit a verdict was rendered in favor of H., which the court set aside. One of the attaching creditors was added, on request, to the sheriff, as a party defendant, and asked a removal to the federal court, on account of citizenship. *Held,* that the application, after one trial, in which the creditor was represented by the sheriff, came too late, when the new trial was to be on the same issues and questions.

**2. SAME—LOCAL PREJUDICE.**
  An affidavit, made by an agent, for removal on account of prejudice, under the act of congress of 1887, is insufficient, which alleges that "I have reason to believe" in the existence of prejudice, and does not cause the prejudice to "be made to appear to the court."

At Law. Motion to file transcript of cause as on removal from the state court.

*Caldwell Yeaman,* for plaintiff.

*J. F. Merryman,* for defendant.

BREWER, J. The question in this case is one of removal. The facts are these:

On June 29, 1888, John Davis, a merchant in Trinidad, Colo., made a bill of sale of his entire stock to the plaintiff, W. H. Hakes. He was largely indebted to his creditors, the Trinidad National Bank and N. K. Fairbank & Company. Immediately thereafter, these creditors commenced suit, and levied attachments upon the stock; the bank levy being prior in time. Under these attachment writs, defendant W. T. Burns, as sheriff, seized the property, and held it until July 21, 1888, when Hakes commenced a replevin suit. It is claimed that the Trinidad National Bank, the first attaching creditor, entered into a conspiracy with Hakes, with a view of appropriating all of the property to the satisfaction of its debt, leaving nothing for Fairbank & Company, although the property was sufficient to pay both claims. Burns, the sheriff, filed answer; and the case, as a suit between Hakes and Burrs, went to trial in the latter part of December, 1888, and a verdict was returned in favor of Hakes, which was set aside by the judge on the 4th of January, 1889. On the 20th day of July, 1889, Fairbank & Company presented an intervening petition, stating that they were the real parties in interest; that the defendant Burns, sheriff, was only a nominal party; and asking to be substituted in lieu of defendant Burns. On this application, the court made an order allowing them to intervene, and be made party defendant with the sheriff, Burns, but refused to substitute. Immediately thereafter they filed a petition for removal to this court, on the ground of diverse citizenship and local prejudice. The state court declined to grant a removal; and, under the rule in force in this district, the clerk of this court will not file removal papers, in such a case, without an order of the judge. That order is now asked for.

I think the action of the state court correct, and that the petitioners are not entitled to a removal. So far as the matter of citizenship is concerned, the application is not in time. There had been one trial of the issues; and it is immaterial whether Burns, the sheriff, was a substantial, or only a nominal, party. It is claimed that he was only a nominal party; but, if so, he represented Fairbank & Company; and with him, as such representative, one trial has been had. The introduction of Fairbank & Company as a party defendant presents no new question for trial. There is no new and independent right asserted; and as Burns, their representative, could not, after answer and one trial, obtain a removal on the ground of diverse citizenship, neither can they, by being made a party after the first trial. Whatever might be the rule if an intervenor presented some new and independent interest or question, when he simply comes in to carry on·the litigation over the same issues and questions he acquires no right of removal different from that possessed by him who had been carrying on the litigation as his representative. The application for removal on the ground of diverse citizenship came too late. Parties cannot experiment on the result of litigation in the state court, and, finding it unfavorable, then, for the first time, seek a removal into the federal court. Neither can the application be sustained on the ground of local prejudice. The affidavit made by an agent is insufficient. This is its language: "I have reason to believe, and do believe, that, from prejudice and local influence, the petitioner, N. K. Fairbank & Company, will not obtain justice," etc. It is an affidavit which, if made by a petitioner himself, would have been sufficient under the law of 1867; but the law of 1887 has changed the rule. *Short* v. *Railway Co.*, 34 Fed. Rep. 225. Now, there must be a positive affidavit. The court is to be satisfied; or, in the language of the act, it must "be made to appear to the court." I considered this question in the case of *Short* v. *Railway Co.*, *supra*, and it is unnecessary to add anything to what was there said. For these reasons the application now presented will be denied.